Opinion issued October 5, 2007










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00561-CR

 __________


MARCUS ALEXANDER BAKER, Appellant


V.


STATE OF TEXAS, Appellees






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1040883






CORRECTED MEMORANDUM OPINION

 The trial court, sua sponte, withdraws the Opinion and judgment issued on
October 4, 2007 and issues this Opinion in its stead.

 A jury convicted appellant, Marcus Alexander Baker, of theft, a state jail felony,
and the trial court sentenced him to nine months' confinement in state jail. In two
issues, appellant contends that the trial court committed harmful error in overruling
his hearsay objection. We affirm the judgment of the trial court. 


Background


 On September 4, 2005, a plasma television was stolen from an eighth floor suite
in Reliant Park ("Reliant"). Appellant was charged in connection with the theft. At
trial, appellant made a hearsay objection to the admission of a purchase requisition
form indicating the cost of replacing the stolen television. Appellant argued that the
authenticating witness, Cheyne Day, was not the custodian of the record. After
appellant took Day on voir dire, the trial court overruled appellant's objection, and,
following the jury's determination of his guilt, appellant filed this appeal.

 Hearsay


 In two issues, appellant argues that the trial court committed harmful error in
overruling his hearsay objection to the admission of the purchase requisition form. 
Specifically, appellant argues that the State failed to lay the proper foundation to admit
the purchase requisition form under the business records exception to the hearsay rule. 
We disagree.

Standard of Review

 We review a trial court's evidentiary rulings for an abuse of discretion. 
Montgomery v. State, 810 S.W.2d 372, 370 (Tex. Crim. App. 1990). A trial court must
be given wide latitude in its decision to admit or exclude evidence. Harris v. State,
152 S.W.3d 786, 793 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). As long as
the trial court's evidentiary ruling was within the zone of reasonable disagreement, an
appellate court may not disturb it. Montgomery, 810 S.W.2d at 391.

Analysis 

 Generally, hearsay, defined by the Texas Rules of Evidence as "a statement,
other than one made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted," is not admissible. See Tex. R.
Evid. 801(d). Rule 803(6), however, provides an exception rendering records of
regularly conducted activity admissible hearsay. Tex. R. Evid. 803(6).

 To invoke this exception, the offering party must show that the records were 

(1) made in the regular course of business, (2) kept in the regular course of business,
(3) made at or near the time of the event or condition recorded therein, and (4) made
by, or from information transmitted by, a person with knowledge of the event or
condition being recorded. See id. The offering party may make such a showing
through the testimony or affidavit of the custodian of the records or another qualified
witness. Id.; Williams v. State, 176 S.W.3d 476, 484 (Tex. App.--Houston [1st Dist.]
2004, no pet.). There is a distinction between the personal knowledge required of the
creator of the record and that required for the authenticating witness. Rule 803(6)
itself says that the record must be created "by, or from information transmitted by, a
person with knowledge . . . ." Tex. R. Evid. 803(6). For authentication purposes,
however, the authenticating witness does not have to have personal knowledge about
the contents of the record, but must have personal knowledge about how the records
are prepared. Williams, 176 S.W.3d at 484. 

 Here, Day testified that he was the custodian of the purchase requisition form
and that Reliant authorized him "to keep and control" such forms. He also testified
that the form was made by or in conjunction with his company, it was made in the
regular course of business, the form was kept as a part of his job with the company,
and the form was made at or near the time of the events in question. Day explained
that such forms were created to inform the finance department of the price of a needed
item. On voir dire, Day indicated that he is the head of security, not the person who
actually purchases replacement televisions, and he did not know exactly when the
purchase requisition form was produced. Such testimony, however, does not impinge
on Day's personal knowledge of how these records are created, but just when this
specific record was created. We hold that, because Day's testimony established the
proper predicate for admission of the purchase requisition form as a record of regularly
conducted activity, the trial court did not err in overruling appellant's hearsay
objection. 

 Accordingly, we overrule appellant's first issue. Because we have determined
that the trial court did not abuse its discretion in overruling appellant's hearsay
objection, we need not address appellant's contention that the trial court's evidentiary
ruling was harmful.

Conclusion

 We affirm the judgment of the trial court.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).